FILED

05 AUG -4 AM 9:56

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOSEPH SAVARESE, ) | CASE NO. 4:05 CV 1335 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| FEDERAL BUREAU OF PRISONS, et al. ) | |
| ) | |
| ) | |
| Respondents. ) | |

On May 16, 2005, pro se petitioner Joseph Savarese filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Savarese, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against the Federal Bureau of Prisons (BOP), BOP Administrator of National Inmates Appeals Harrell Watts and BOP Northeast Regional Director D. Scott Dodrill. Petitioner is asserting that the BOP's policy regarding the placement of inmates in prison camps violates his constitutional rights under the Due Process Clause. He requests a waiver of his Greatest Severity Public Safety Factor (PSF) designation so that he can be eligible for camp placement.

*Background*

A Request for Transfer/Application of Management Variable form was completed

by the Warden at F.C.I. Loretto, Pennsylvania on August 23, 2004. The warden, Tracy Johns, directed the form to respondent D. Scott Dodrill, ATTN: E.L. Tatum, Jr. Northeast Regional Designator and requested Mr. Savarese's transfer from F.C.I. Loretto to either FPC Fairton or FPC Fort Dix, New Jersey. He also recommended a waiver of petitioner's PSF.[1]

Mr. Savarese then filed a Regional Administrative Remedy Appeal, dated November 29, 2004. The Regional Director denied petitioner's appeal in a letter dated December 22, 2004. In his letter of denial, Mr. Driscoll acknowledged that "[o]n August 27, 2004, institution staff requested a waiver of your PSF of Greatest Severity. On September 8, 2004, this office denied this request based on your offense behavior. Accordingly, your appeal is denied." (Letter of 12/22/04 from Driscoll to Savarese.)

Mr. Savarese appealed the Regional Director's decision to the Central Office of Administrative Remedy Appeal. The Administrator for National Inmate Appeals, respondent Harrell Watts, denied the appeal on March 18, 2005. Mr. Watts explained that the issue raised was within the authority of the Warden and the Regional Director pursuant to Program Statement (P.S.) 5100.07, <u>Security Designation and Custody Classification Manual</u>. He noted that the relevant P.S. provides that the Greatest Severity PSF "shall be applied" when an inmate's current offense falls into the Greatest Severity range according to the Offense Severity Scale. The P.S. further requires that total offense behavior be considered and that any offense of robbery "shall be scored" in the Greatest Severity category. Unless the PSF is waived, P.S. 5100.07 requires that inmates whose current offense falls into the Greatest Severity range must be housed in a least a Low Security Level

---

[1] Although Mr. Savarese does not include a copy of or referral to the Regional Director's denial of Warden Johns's request, the Regional Director later notes that the request was denied on September 8, 2004.

institution.

With regard to Mr. Savarese's offenses, Mr. Watts explained that the staff scored his current offenses of Hobbs Act Robbery, Conspiracy, Mail Fraud, Conspiracy Committed While on Release, Conspiracy to Run Illegal Gambling Business and Illegal Gambling at the Greatest Severity level using the Offense Severity Scale. Mr. Watts concluded that it is on this basis, as well as the fact that Mr. Savarese was one of the primary organizers who planned to rob the New York Times Company's Credit Union, that the request for waiver of his Greatest Severity PSF was denied by the Regional Director on September 8, 2004.

In his present petition, Mr. Savarese takes issue with the Regional Office's response wherein it is stated that he "appealed the decision of the Warden at Loretto." Considering the fact that it was Warden at F.C.I. Loretto who originally recommended a PSF waiver for Mr. Savarese, he questions whether the Regional Office actually read his appeal. Petitioner now seeks an order from this court finding the "Public Safety Factor waiver executed by Tracy Johns [is]. . . valid as it pertains to the herein matter." (Pet. at 6.)

After receiving information he requested through the Freedom of Information Act (FOIA) on all BOP inmates who have a Greatest Severity Level Public Safety Factor designation, Mr. Savarese maintains that the BOP is in violation of the Constitution. He argues that out of all the other inmates who are "similarly situated" with regard to a Greatest Severity Level Public Safety Factor designation, 173 inmates had this designation waived by the BOP and were placed or designated as "'OUT' Custody, camp status." He claims that the BOP cannot, within its discretion, act in a manner which disparately impacts "those similarly situated." He asserts that this is a violation of the Due Process Clause of the Fifth Amendment and moves this court to find the BOP

-3-

policy which gives "unbridled discretion in determining Public Safety Factors [sic] Waivers, . . . Unconstitutional." (Pet. at 6.)

### 28 U.S.C. § 2241

Before the court can address the merits of the petition before it, the question of whether petitioner's claim is properly raised in a § 2241 habeas petition must first be determined. Generally, if a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. United States v. Peterman, 249 F.3d 458, 461 (6th Cir.), cert. denied, 534 U.S. 1008 (2001). While it appears Mr. Savarese is challenging the execution of his sentence, it is not clear that he has named respondents over whom this court has personal jurisdiction.

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; see Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95(1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. Braden, 410 U.S. at 495. To evaluate jurisdiction, a court therefore must first identify the petitioner's custodian and then determine whether it has personal jurisdiction over that custodian.

The Sixth Circuit has joined several other courts of appeals in holding that a prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held. See e.g., Vasquez v. Reno, 233 F.3d 688, 693 (6th Cir. 2000) (alien seeking writ of habeas corpus contesting legality of his detention by Immigration and Naturalization Service (I.N.S.) was required to name as respondent individual having day-to-day control over facility in which he was being

-4-

detained, not Attorney General, absent extraordinary circumstances); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992); Blango v. Thornburgh, 942 F.2d 1487, 1491-92 (10th Cir.1991) (per curiam); Brennan v. Cunningham, 813 F.2d 1, 12 (1st Cir.1987); Monk v. Secretary of Navy, 793 F.2d 364, 368-69 (D.C.Cir.1986); Billiteri v. United States Bd. of Parole, 541 F.2d 938, 948 (2d Cir.1976); Jones v. Biddle, 131 F.2d 853, 854 (8th Cir.1942). The warden is the proper custodian because he has day-to-day control over the petitioner and is able to produce the latter before the habeas court. Blango, 942 F.2d at 1492 n. 10; Guerra, 786 F.2d at 416.

Here, Mr. Savarese is confined at F.C.I. Elkton. The complaint, however, fails to name the warden at F.C.I. Elkton as respondent. Given a solid wall of authority, it settled beyond question that when a prisoner petitions for a writ of habeas corpus under 28 U.S.C. § 2241, he must name as the respondent the superintendent of the facility in which he is being held. Vasquez, 233 F.3d at 690-91 (prisoner's proper custodian for purposes of habeas review is warden of facility where he is being held). However, even if Mr. Savarese properly named his actual custodian in this petition, the warden is without authority to grant petitioner's requested relief.

*Prisoner Classification*

The BOP classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP. 18 U.S.C. § 4081; 28 C.F.R. § 0.96. See e.g., Peck v. Hoff, 660 F.2d 371 (8th Cir.1981); Montalvo v. Snyder, 207 F.Supp.2d 581, 585 (E.D. Ky. 2002). As to the classification issue herein, Mr. Savarese does not challenge a reading of P.S. 5100.07 or of well known case law to refute the actions of the BOP insofar as his classification is concerned. Thus, the fatality of Mr. Savarese's argument rests squarely on the fact that he does not address why his offenses did not qualify him for Greater Severity PSF under the BOP's current policy. Further,

-5-

contrary to his concerns, the Regional Director's response to petitioner's appeal expressly acknowledged the fact that a request to waive petitioner's PSF had been received from BOP staff. Although petitioner does not provide a copy of the Regional Director's September 8, 2004 denial of the initial request, a review of his response to petitioner's appeal of that decision clearly stated that "[o]n September 8, 2004, this office denied this request based on your offense behavior." (Letter of 12/22/04 from Driscoll to Savarese). Therefore, petitioner's argument that the warden's recommendation somehow trumps the Regional Director's authority to deny such a request is not supported by the facts, by statute or based on any relevant case law.

*Unconstitutional Treatment*

Mr. Savarese's claims that the respondents violated his rights under the Due Process Clause fails to state a claim. Prisoners have no constitutional right to be incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Meachum v. Fano, 427 U.S. 215, 224 (1976). Therefore, claims based on classification procedures do not state constitutional claims. See Moody, 429 at 88 n. 9. Congress has given federal prison officials "full discretion" to control the conditions of confinement, and prisoners have no legitimate constitutional entitlement to invoke due process claims on that basis. Id.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE